UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

**CASEY MARIE ANTHONY,**  Case No. 8:13-bk-00922-KRM
  Chapter 7
  Debtor.
_____/

**ROY KRONK,**

  Plaintiff,  **Adversary Proceeding**

  Case No. _____
v.

**CASEY MARIE ANTHONY,**

  Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS**

  Plaintiff and creditor, ROY KRONK ("Kronk" and/or "Plaintiff"), hereby files his Complaint against CASEY MARIE ANTHONY ("Casey Anthony" and/or "Defendant"), to determine the dischargeability of certain of Defendant's debts to Plaintiff pursuant to 11 U.S.C. § 523(a)(6). In support thereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

  1. On January 25, 2013 (the "Petition Date"), the Defendant filed a voluntary petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, seeking relief pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*,

  2. Stephen Meininger has been appointed as the Trustee over the case pursuant to 11 U.S.C. § 701.

3. Plaintiff is a creditor of the Defendant, and therefore has standing to file this action.

4. Defendant is a Florida resident who previously resided in Orange County, Florida, although her current residence is unknown to the Plaintiff.

5. This Complaint commences an adversary proceeding pursuant to Fed. R. Bankr. P. 7001 *et seq.*

6. Jurisdiction over this matter and over the Defendant is proper in this district, pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

7. Venue over this matter is proper in this district, pursuant to 28 U.S.C. § 1409.

8. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

9. Plaintiff, at all material times, was employed and working in Orange County, Florida, as a meter reader for Orange County. At all relevant times, Plaintiff was acting as a Good Samaritan, by doing the right thing and reporting what he found to the proper authorities. What Plaintiff found turned out to be the remains of Caylee Anthony.

10. Under the facts herein, Plaintiff is a private figure.

11. Casey Anthony was the mother of Caylee Anthony. Casey Anthony was charged with her daughter's murder, was tried and acquitted of that charge. In that same proceeding, Casey Anthony was convicted of lying and providing false information to law enforcement officers. *State v. Anthony*, Orange County, Florida, Case No. 2008-CF-015606-A-O (the proceeding hereinafter referred to as the "Criminal Trial").

## **DEFENDANT'S MISCONDUCT**

12. The criminal investigation into the disappearance of Caylee Anthony and Casey Anthony's subsequent Criminal Trial was well-publicized. During that time, Casey Anthony, through her attorneys, who acted as her agents, published false and defamatory statements about Kronk. The false and defamatory statements about Kronk were made out of court and the publications occurred in the public arena, in almost every media format imaginable and were broadcast and/or published across the country, if not the globe, via the Internet, the news print media, and national television shows. Casey Anthony, through her attorneys, made statements too numerous to recite. However, the substance and gist of the false and defamatory statements against Kronk are as follows:

    (a)    Roy Kronk is the killer;

    (b)    Roy Kronk is a child snatcher;

    (c)    Roy Kronk is guilty;

    (d)    Roy Kronk is the only one who's been with the body;

    (e)    Roy Kronk magically discovered the body;

    (f)    Roy Kronk played a role in placing the body;

    (g)    Roy Kronk killed Caylee Anthony;

    (h)    Roy Kronk had something to do with it;

    (i)    Roy Kronk removed the remains;

    (j)    Roy Kronk planted the remains;

    (k)    Roy Kronk had the remains in his possession for months; and

    (l)    Roy Kronk is morally bankrupt, took the body and hid it.

(the "Statements").

13. Casey Anthony's defense in her Criminal Trial was that Caylee Anthony drowned in the family swimming pool on June 16, 2008. If her story is true, then she knew that the Statements she authorized, adopted, and permitted her agents to publish about Kronk were false, and made them willfully, maliciously, and with the intent of deceiving the public.

14. In an attempt to find someone other than herself to blame for the tragic death of her child, Casey Anthony authorized and permitted her attorneys, as her agents, to make the false and malicious Statements against Kronk, and to portray him as the murderer of her child.

15. Casey Anthony knew or was substantially certain that the Statements would cause injury to the Plaintiff and she in fact intended such injury.

16. Casey Anthony, through her attorneys, refused to retract the Statements, and when confronted with whether she was going to withdraw the defamatory Statements, Casey Anthony, through her attorneys, responded the Statements were not false, and that the Statements would stand.

17. No liability is sought by Plaintiff for any statements made by Casey Anthony, through her agents, during actual court proceedings. The Statements at issue in this action were not made during actual court proceedings, but were instead made to the media, *et al.*, and were not made to achieve valid objects of litigation nor reasonably related to the judicial proceedings of the Criminal Trial.

18. The recipients of the Statements were persons with no direct interest in the Criminal Trial.

19. The Statements were not made in the act of preparing for the Criminal Trial.

20. Defendant's above-described actions show that she acted intentionally and maliciously.

21. These actions constitute the independent tort of defamation, the damages of which caused malicious injury to Plaintiff. Malicious injury has been defined for purposes of 11 U.S.C. § 523(a)(6) as "that conduct which is done without just cause or excuse, or for which there is no reasonable justification."

## COUNT I:
## DETERMINATION OF DISCHARGEABILITY
## UNDER 11 U.S.C. § 523(a)(6)

22. Paragraphs 1 through 21 of this Complaint are hereby incorporated as fully as if restated herein.

23. Pursuant to 11 U.S.C. § 523(a)(6), a discharge pursuant to 11 U.S.C. § 727 does not discharge an individual from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

24. Casey Anthony directed her attorneys, who acted as her agents, to make and publish the false and defamatory Statements about Kronk.

25. Casey Anthony, through her attorneys, who acted as her agents, made and published the false and defamatory Statements about Kronk. Defendant sought, encouraged, and benefited from these actions, omissions, and representations and aided and abetted her attorneys in their actions, omissions, and representations.

26. Casey Anthony knew the Statements made by her agents, at her direction and authorization, were false and defamatory as to Kronk, she knew the Statements were harmful to Kronk or were substantially certain to cause harm to Kronk, and she knowingly did not take any action to correct the Statements once made.

27. The actions taken by Defendant constituted unprivileged publications to third parties of the above described false and defamatory Statements about Plaintiff.

28. The actions of Defendant were done with express malice knowing such actions would injure Plaintiff's reputation. The above statements were made with the intent to expose Plaintiff to hatred, ridicule, or contempt and charged Plaintiff with committing a crime and intended to injure Plaintiff in his business, reputation, or occupation.

29. The actions of Defendant were the direct and proximate cause of the damages suffered by Plaintiff as Plaintiff has suffered loss of reputation, embarrassment, humiliation, outrage, and has otherwise been directly damaged by Defendant's unprivileged actions.

30. In excess of the specific damages suffered by Plaintiff, Plaintiff is entitled to special damages due to the special harm caused by the unprivileged publications.

31. Although Defendant, through her agents, knew or should have known that the statements were defamatory, Defendant, through her agents, proceeded to publish the false and defamatory statements with malice and without regard to Plaintiff..

32. Defendant's actions were willful and caused malicious injury to the Plaintiff.

33. The resulting debt is not dischargeable pursuant to 11 U.S.C. §523(a)(6).

**JURY TRIAL DEMAND AND RESERVATION OF RIGHTS**

34. Plaintiff hereby demands a trial by jury and reserves all its rights to a trial by jury for all issues so triable, including without limitation liquidation of the debt.

WHEREFORE, Plaintiff, Roy Kronk, respectfully requests that this Court enter a judgment pursuant to 11 U.S.C. § 523(a)(6) denying the Defendant a discharge as to her liability to the Plaintiff arising from her defamatory Statements in an amount to be determined in an action before the state court, plus reasonable attorney's fees and costs, and granting such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Howard S. Marks*
**Howard S. Marks, Esquire**
Florida Bar No. 0750085
**Michael A. Nardella, Esquire**
Florida Bar No. 51265
**Burr & Forman, LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Phone:  (407) 540-6600
Fax: (407) 540-6601
E-mail: hmarks@burr.com
         mnardella@burr.com

**ATTORNEYS FOR ROY KRONK**