**[8advospc]** [ORDER SCHEDULING PRE−TRIAL CONFERENCE]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                           Case No. 8:13−bk−00922−KRM
                                                                 Chapter 7

Casey Marie Anthony

      _____Debtor(s)_____/

Roy Kronk


      Plaintiff(s)
                                                                 Adv. Pro. No. 8:13−ap−00629−KRM
vs.

Casey Marie Anthony


      _____Defendant(s)_____/

ORDER SCHEDULING PRE−TRIAL CONFERENCE

   THIS PROCEEDING came before the Court for purposes of setting a date for a Pre−Trial Conference and establishing other procedures necessary for its efficient administration. Accordingly, it is

   **ORDERED**:

   1. Pre−Trial Conference Scheduled. A Pre−Trial Conference will be held in Courtroom 9B, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on September 17, 2013 at 11:00 AM before the Honorable K. Rodney May , United States Bankruptcy Judge.

   2. Pending Motions. All pending motions will be heard at the Pre−Trial Conference, except Motions for Summary Judgment.

   3. Conduct of Hearing. The Court will not permit the introduction of testimony or documentary evidence at the Pre−Trial Conference. However, the Court will consider as part of the record affidavits that are offered without objection, uncontradicted proffers of evidence made by counsel, and judicial and evidentiary admissions made by the parties in open Court or in the papers and schedules filed with the Court. NOTICE IS HEREBY GIVEN to the parties that at the Pre−Trial Conference, the Court on its own motion may grant summary judgment in favor of the Plaintiff or Defendant as to all or part of the relief requested, if there is no genuine issue as to any material fact and some or all of the relief requested should be granted or denied as a matter of law.

   4. Motion to Determine Whether Proceeding Core. Not later than the date first set for filing a motion or answer to the complaint, any party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding shall file with the court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. Failure of any party to file a

motion on or before the deadline provided in this paragraph shall be deemed consent by such party to this Court entering all appropriate final orders and judgments in this proceeding, subject to review under 28 U.S.C. § 158.

    5. Page Limit. No motion, application, or memorandum filed with the court shall exceed 15 double−spaced pages exclusive of exhibits, absent prior leave of this Court.

    6. Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

    7. Avoid Delays. You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure, a photo ID is required for entry into the Courthouse.

    **8. Service of the Order. Counsel for the Plaintiff is directed to serve a copy of this Order on parties prescribed to be served in accordance with Fed. R. Bankr. P. 7004(b), and a certificate of service evidencing service of same shall be filed with the court.**

                                                 BY THE COURT

Dated: July 23, 2013

_____
K. Rodney May
United States Bankruptcy Judge