UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In Re:**

**CASEY MARIE ANTHONY,**            Case No. 8:13-bk-00922-KRM
                                                               Chapter 7
     Debtor.
_____/

**ROY KRONK,**

                                                                **Adversary Proceeding**

     Plaintiff,

                                                                **Case No. 8:13-ap-00629-KRM**

v.

**CASEY MARIE ANTHONY,**

     Defendant.
_____/

### PLAINTIFF'S MOTION TO DETERMINE WHETHER PROCEEDING CORE

COMES NOW Plaintiff Roy Kronk ("Plaintiff"), by and through his undersigned counsel, and hereby moves this Court to determine that certain aspect of this proceedings are non-core pursuant to 28 U.S.C. §157(b)(2), and states in support thereof the following:

### Background

1. Plaintiff initiated this adversary proceeding to determine the dischargeability of certain of Defendant's debts to Plaintiff pursuant to 11 U.S.C. §523(a) based on claims that Defendant defamed Plaintiff.

2. On July 23, 2013, this Court entered its Order Scheduling Pretrial Conference (the "Order") (Doc. No. 3), which Order instructing "any party objecting to the entry of final orders or judgments by this Court on any issue in this proceeding [to] file with the court a motion requesting that this Court determine whether this proceeding is a core proceeding or otherwise

2214474 v2

subject to the entry of final orders or judgments by this Court." The Order states that the "[f]ailure of any party to file a motion on or before the deadline provided in this paragraph shall be deemed consent by such party to this Court entering all appropriate final orders and judgments in this proceeding, subject to review under 28 U.S.C. § 158."

3. Plaintiff files this Motion in an abundance of caution only to ensure that Plaintiff is not waiving his right to a jury trial or his right to have his damages liquidated in another forum.

### Memorandum of Law and Relief Requested

4. Plaintiff asks the Court to determine that the liquidation of Plaintiff's defamation claim be determined a non-core proceeding under 28 U.S.C. § 157, and that such aspects of the case be reserved for the state court or district court, together with Plaintiff's rights to a trial by jury.

5. The liquidation of personal injury torts are specifically excluded from bankruptcy court jurisdiction under 28 U.S.C. § 157(b)(5), and defamation is a "personal injury tort" for purposes of § 157(b)(5). *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 286 (M.D. Fla. 2002).

6. Section 157(b)(5) states: "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

7. Therefore, to the extent that issues related to liquidation of Plaintiff's claims arise in this action, Plaintiff seeks an order determining that those issues are non-core and that Plaintiff has not consented to their being adjudicated by this Court, but reserves his rights to adjudication of his damages in state or district court and to his rights to a jury trial.

WHEREFORE, Plaintiff, Roy Kronk, respectfully requests this court enter an Order (i) determining that issues related to liquidation of Plaintiff's claims arising in this action are non-core under 28 U.S.C. § 157(b)(2); (ii) reserving for determination by the state court or federal district court such issues arising in this action; and (iii) providing such further relief as this Court deems fair and equitable

        Respectfully submitted,

*/s/ Michael A. Nardella*
**Howard S. Marks, Esquire**
Florida Bar No. 0750085
**Michael A. Nardella, Esquire**
Florida Bar No. 51265
**Burr & Forman, LLP**
200 South Orange Avenue, Suite 800
Orlando, Florida  32801
Phone:  (407) 540-6600
Fax: (407) 540-6601
E-mail: hmarks@burr.com
      mnardella@burr.com

**ATTORNEYS FOR ROY KRONK**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2013, a true and correct copy of the foregoing Motion was sent via electronic mail to the following:

Casey Anthony
c/o Charles M. Greene, Esq.
55 E. Pine Street
Orlando, FL 32801
E-mail: cmg@cmgpa.com

Casey Anthony
c/o Debra Ferwerda, Esq.
351 E. SR 434
Winter Springs, FL 32708
E-mail: dferlaw@cs.com

Casey Anthony
c/o David L. Schrader, Esq.
First Bank Building
111 Second Avenue, NE, Suite 901
St. Petersburg, FL 33701
E-mail: dschraderlaw@gmail.com,
dschraderlaw.assistant@gmail.com

*/s/ Michael A. Nardella*
Michael A. Nardella