UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CASEY MARIE ANTHONY,                          Case No. 8:13-bk-0922-KRM
                                              Chapter 7
        Debtor.
_____/

ROY KRONK,                                    Adversary Proceeding

        Plaintiff,                            Adversary No.: 8:13-ap-00629KRM

v.

CASEY MARIE ANTHONY,

        Defendant.
_____/

## DEBTOR/DEFENDANT CASEY MARIE ANTHONY'S MOTION TO DISMISS ROY KRONK'S ADVERSARY COMPLAINT

        Debtor/Defendant, Casey Marie Anthony ("Ms. Anthony"), by the undersigned

counsel and pursuant to Fed.R.Civ.P 12(b) and Bankr. Rule 7012(b), hereby moves the

Court to dismiss the Complaint filed on behalf of Roy Kronk ("Kronk") (Doc. 1), a

purported creditor of Ms. Anthony who seeks to except Kronk's alleged debt from

discharge. For the reasons set forth below, the Complaint should be dismissed.

        **I.       Introduction**

        Ms. Anthony is a public figure who was the subject of widely publicized legal

proceedings. Over the years, many persons have pursued actions in which they sought to

profit, one way or another, from Ms. Anthony's ordeal. All of the claimants have been

rebuffed and turned away empty handed, though most of them enjoyed their "fifteen

minutes" of fame while their claims were pending, which was their real objective.

Only two spurious claimants remain: Gonzalez and Roy Kronk ("Kronk"). Gonzalez and Kronk have both filed Complaints objecting to the discharge of their alleged debts on the grounds that Ms. Anthony made statements about them that were "willful and malicious."

In order to have a cognizable debt which might possibly be excepted from discharge, Kronk and Gonzalez would first need to establish a claim cognizable under Florida law. The only possible claim that might exist, and the claims that Kronk and Gonzalez previously attempted to plead in State court, are for defamation.

The Complaints of Gonzalez and Kronk in this case are defective because both fail to allege with particularity when and where the alleged defamatory statements were made and what was said. Florida law requires that defamation claims be pled with particularity so that the courts can determine whether the claims are possibly actionable at the pleading stage. With respect to Kronk this is important because, *inter alia*, (a) Kronk sues Ms. Anthony based upon statements made by someone else, *i.e.*, her lawyer, and (b) the statements were made during judicial proceedings and thus are not actionable.

In truth, there is no evidence to support Kronk's claims. The lack of evidence to support his claims renders him unable to plead a claim that can pass judicial muster. Kronk has certainly not pled sufficient basis for this Court to find that there is a debt owed to him that might be excepted from discharge. Therefore, the Complaint should be dismissed.

## II.    Background

On July 16, 2008, Ms. Anthony was arrested and various charges were filed against her, including a charge for the alleged murder of her daughter, in *State v. Casey Anthony*, Circuit Court of Orange County, Florida, Case No.: 48-2008-CF-015606-O (the "Criminal Case").  Both before and after her arrest, Ms. Anthony was the subject of a highly public criminal investigation in Orlando, Florida.  The public investigation of Ms. Anthony attracted national and international attention and fed an insatiable need for media of all type to have "content."  The media coverage of the Criminal Case was absolutely unprecedented.  Her trial was televised nationally and streamed live over the internet.  When the trial was not playing, there was nonetheless the incessant chatter of ill-informed "commentators."  In July of 2011, a sequestered jury acquitted Ms. Anthony of the most serious charges in the Criminal Case, including the murder charge.

### Roy Kronk's Alleged Involvement In the Criminal Case

Roy Kronk was a central figure in the Criminal Case and, for a short while, a darling of the media.  Kronk allegedly discovered the body of Ms. Anthony's daughter not just once, but at least twice on different dates a few months apart.  In fact, Kronk was the person who eventually identified to law enforcement the precise location of Caylee Anthony's body.

A law enforcement officer who met Kronk at the scene revealed that among his first words were to inquire as to the reward.  As law enforcement and the media dug deeper, the circumstances under which Kronk allegedly discovered Caylee's body became more and more suspicious.  Eventually, Kronk's confusing story was not given credence by the Orange County Sheriff's Office or any other investigative body involved

in Ms. Anthony's Criminal Case.  When Kronk testified at trial, he was discredited by both the prosecution and defense.  Indeed, his own son testified that Kronk had telephoned him weeks before Kronk allegedly discovered Caylee's body and told him to watch television because Kronk was soon going to be rich and famous.

Following the trial, Kronk sued Ms. Anthony for "defamation by innuendo" in Orange County, Florida on December 21, 2011, Case number 2011-CA-017051 (the "Defamation Action").  His Complaint in this case is based on the same facts as those pled in the Defamation Action.  Even viewed in its most favorable light, his Complaint does not meet the standard for denying discharge.

### III.    Argument

#### 1.    *The Standard for Dischargeability*

A presumption exists that all debts owed by the debtor are dischargeable unless the party contending otherwise proves non-dischargeability. 11 U.S.C. § 727(b).  The purpose of this "fresh start" is to protect "honest but unfortunate" debtors.  *United States v. Fretz (In re Fretz),* 244 F.3d 1323, 1326 (11th Cir.2001). The burden is on the creditor to prove the exception to discharge by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 680 (11th Cir.1993).  The courts narrowly construe exceptions to discharge against the creditor and in favor of the debtor. *Equitable Bank v. Miller (In re Miller),* 39 F.3d 301 (11th Cir.1994); *St. Laurent,* 991 F.2d at 680.

Kronk seeks a determination that the debt owed to him by Ms. Anthony is nondischargeable as a matter of law under § 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious

injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §
523(a)(6). Section 523(a)(6) generally relates to torts and "may apply to a broad range of
conduct causing harm to people ... subject to the limitation that the injury be 'willful and
malicious.' " 4 Alan N. Resnik & Henry J. Sommer, *Collier on Bankruptcy* ¶ 523.12
(16th ed. 2009). Under this section, "willful" acts are those that are "deliberate or
intentional." S. REP. NO. 95–989, at 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787,
5865; H.R. REP. No. 95–595, at 365 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320.
A showing of mere recklessness does not establish willfulness. *Kawaauhau v. Geiger,*
523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

As discussed further below, Kronk has failed to plead sufficient facts to support
his efforts to deny Ms. Anthony's discharge under § 523(a)(6).

### 2.    *The Law of Defamation*

Defamation is generally defined as "the unprivileged publication of false
statements which naturally and proximately result in injury to another." *Byrd v. Hustler
Magazine*, 433 So.2d 593, 595 (Fla. 4th DCA 1983). To establish a prima facie case for
defamation under Florida law, a plaintiff must show that: "(1) the defendant published a
false statement; (2) about the plaintiff; (3) to a third party; and (4) the party suffered
damages as result of the publication." *Elbanna v. Captain D's*, LLC, 2009 WL 435051
(M.D. Fla. 2009).

### 3.    *Kronk Has Not Pled Publication by Ms. Anthony*

As a defamation plaintiff, Kronk has the burden of establishing all of the elements
required to support a defamation claim. *See Five for Entm't S.A. v. Rodriguez*, 2013 U.S.
Dist. LEXIS 116016; *see also Jews for Jesus v. Rapp* 997 So.2d 1098 (Fla. 2008). The

element of "publication" means a defamatory statement does not become actionable "until it is published or communicated to a third person." *American Airlines, Inc. v. Geddes*, 960 So.2d 830, 833 (Fla. 3rd DCA 2007).

Kronk's Complaint admits that Ms. Anthony never published a single word about Kronk. Rather, Kronk's Complaint is founded entirely upon statements made by Ms. Anthony's criminal defense counsel. Because Kronk has not pled that Ms. Anthony published "willful and malicious" statements about him, his Complaint must be dismissed.

### 4. *Discharge cannot be Denied based on the Acts of an Agent*

Ms. Anthony cannot be denied a discharge based upon the alleged willful and malicious statements of an agent. *See Columbia Farms Distr. V. Maltais (In re Maltais)*, 202 B.R. 807 (D. Mass. 1996). Rather, Ms. Anthony can only be denied discharge if Kronk proves that Ms. Anthony directly and willfully and maliciously injured Kronk. *Id.*

Kronk's Complaint is premised entirely upon the statements made by someone else: Jose Baez, the criminal defense lawyer for Ms. Anthony. Ms. Anthony cannot be held liable for statements of someone else. Accordingly, the Complaint should be dismissed.

### 5. *Kronk Failed to Plead with the Required Particularity*

A defamation plaintiff is required to specifically allege and plead certain facts with particularity, including what was said, when it was said, and who said it. *Fowler v. Taco Viva, Inc.*, 646 F.Supp 152, 157-158 (S.D. Fla. 1986); *see also Minsurg Int'l, Inc. v. Frontier Devices Inc.*, 2011 WL 1326863 (M.D. Fla.) (holding that defamation plaintiff "must link a particular remark to a particular defendant, and specifically identify the

persons to whom the allegedly defamatory comments were made, as well as provide a time frame when the statements were made"). In the absence of particular allegations as to what was said and when and where it was published, a claim for defamation should be dismissed for failure to state a cause of action. *Id.; see also Miller v. Support Collection Unit Westchester Cnty.*, 2010 WL 767043, at *6 (M.D. Fla. Mar. 5, 2010)(dismissing defamation claim based on lack of factual allegations); *Morrison v. Morgan Stanley Props.*, 2008 WL 1771871, at *10 (S.D.Fla. Apr.15, 2008) (in a defamation case, "a plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred'"). Moreover, when bringing a defamation action premised on oral statements, a plaintiff must "set out the substance of the spoken words with sufficient particularity to enable to court to determine whether the publication was defamatory." *Spitalny v. Insurers Unlimited, Inc.*, 2005 WL 1528629, *3 (M.D. Fla. 2005). In a similar case, the court dismissed a defamation claim when a plaintiff purported to paraphrase but did not attach the article in which a defamatory statement was allegedly made. *See also Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321(S.D. Fla. 2012)(defamation claim when a plaintiff purported to paraphrase but did not attach the article in which a defamatory statement was allegedly made).

The Complaint in this case is not pled with sufficient particularity. Although the Complaint generally identifies the statements made by Ms. Anthony's counsel, it does not allege when and where the statements were made. This is a critical defect in the pleading because if the statements were made in court or otherwise in connection with a judicial proceeding (as any such comments were), they are protected by an absolute judicial

immunity, as discussed below. Moreover, although the Complaint conclusorily asserts that the statements were published outside court, it does not say where they were published and does not provide sufficient fact to show that the statements were not connected to the judicial proceeding in which Kronk was a witness. If, for example, a newspaper published something that Mr. Baez said during trial, that statement would still be protected by an absolute judicial immunity.

In view of the above, it is imperative that Kronk be required to plead with particularity what statements were made and when and where they were made and to attach copies of any publications of the statements. If Kronk is required to plead with particularity, the Court will quickly find that Mr. Baez never made any of the statements attributed to him, at least not outside of a courtroom.

### 6.   *Litigation Privilege*

Florida law recognizes an absolute judicial immunity/litigation privilege for statements made during the course of or otherwise connected to judicial proceedings. *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A.,* 639 So. 2d 606, 607 (Fla.1994) (holding that torts such as perjury, libel, slander, and other actions based on statements made in connection with a judicial proceeding are not actionable); *accord: Echevarria, McCalla, Raymer, Barret & Frappier v. Cole*, 950 So.2d 380 (Fla.2007); *Williams v. Carney*, 157 F. App'x 103, 107–08 (11th Cir. 2005); *see also, e.g., Wright v. Yurki,* 446 So.2d 1162 (Fla. 5th DCA 1984)(holding privilege extends to communications made within a lawsuit).

Each and every statement uttered by Ms. Anthony's lawyer concerning Kronk was made during trial. Thus, even if the Court were to find that statements made by Ms.

Anthony's counsel were otherwise defamatory, the statements would nevertheless be absolutely privileged because they were made during judicial proceedings. *Id.*; s*ee also Daniels v. Patterson*, 751 So.2d 678 (Fla. 1st DCA 2000).

7. *There is no "Willful and Malicious" Injury Within the Scope of §*
*523(a)(6)*

In the State court action on which the present Complaint is founded, Kronk denominated his claim as "defamation by innuendo." His claims here are more akin to an action for negligence, rather than one for intentional and malicious injury. This simply is not the sort of claim that would render even a legitimate debt owed to a legitimate debtor non-dischargeable.

It is respectfully submitted that justice demands dismissal of the complaint. This travesty has gone on long enough. It is obvious that Kronk has motives other than justice in pursuing this case. Even assuming he suffered damages from a matter in which he voluntarily injected himself time and again, there is simply no way, assuming he could otherwise prove a case, that he could separate the damages he incurred from what the State Attorney, media figures, and his own son said about him from anything Jose Baez might have uttered in Court. Ms. Anthony implores the Court to end this matter so she can begin the fresh start she is promised by the law.

IV.    **Conclusion**

For all of the reasons set forth above, Kronk's Complaint should be dismissed.

Respectfully submitted this 3rd day of October, 2013.

/s/ David L. Schrader
David L. Schrader
Florida Bar No.: 0183943
David L. Schrader, Attorney at Law
First Bank Building
111 Second Avenue NE, Suite 901
St. Petersburg, FL 33701
Telephone: (727) 456-5772
Facsimile: (727) 456-6454
Email: dschraderlaw@gmail.com


Debra L. Ferwerda
Florida Bar No.: 089419
Jacobson, McClean,
Chmelir & Ferwerda, P.A.
351 East State Road 434, Suite A
Winter Springs, FL 3270
Telephone: (407) 327-8899
Facsimile: (407) 327-3019
E-mail:  dferlaw@cs.com

*Counsel for Defendant Casey Marie
Anthony*

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 3, 2013, the foregoing document was served by e-mail to Stephen L. Meininger, Trustee (slmeininger@earthlink.net); Allan Watkins, Esquire (allan@watkinslawfl.com); the office of the United States Trustee (USTPRegion21.TP.EFC@USDOJ.GOV); Howard S. Marks, Esquire (hmarks@burr.com); Michael A. Nardella, Esquire (mnardella@burr.com); R. Scott Shuker, Esquire (rshuker@lseblaw.com); and Charles M. Greene, Esquire (cmg@cmgpa.com).

/s/ David L. Schrader
David L. Schrader