UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**                                                                   Case No. 8:13-bk-00922-KRM

CASEY MARIE ANTHONY,                             **Chapter 7**

    **Debtor.**
_____/

**In re:**

ROY KRONK,                                                      **Adversary No.** 8:13-AP-00629-KRM

    **Plaintiff.**

**v.**

CASEY MARIE ANTHONY,

    **Defendant.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Debtor/Defendant, CASEY MARIE ANTHONY, by and through her undersigned attorney, files this her Answer and Affirmative Defenses to the Amended Complaint To Determine Dischargeability of Debts filed on November 26, 2013 [Docket Number 21] and states as follows:

### JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraph 1 of the Amended Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Amended Complaint.

4. Defendant admits that she is a Florida resident who previously resided in Orange County; however, Defendant is without knowledge of the remaining allegations contained in paragraph 4 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

5. Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

**FACTUAL BACKGROUND**

9. Defendant is without knowledge of Plaintiff's employment as contained in paragraph 9 of the Amended Complaint and therefore denies the same and demands strict proof thereof. Defendant admits Plaintiff found the remains of Caylee Anthony; however, Defendant denies the remaining allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant is without knowledge of Plaintiff's employment as contained in paragraph 10 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

11. Defendant admits the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendant admits the criminal investigation into the disappearance of Caylee Anthony and that her subsequent Criminal Trial was well-publicized. Defendant denies however the remaining allegations in paragraphs 12 and those in paragraphs 12a., 12b., 12b.I., 12b.II., 12b.iii., 12c., 12d., 12 e., 12f. and 12g..

**DEFENDANT'S MISCONDUCT**

13. In response to paragraph 13 of the Amended Complaint, Defendant re-states her answers to paragraph 12 and 12a. through 12g. above as if fully stated herein; bur denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendant is without knowledge of Plaintiff's liability claim against the Defendant as contained in paragraph 18 of the Amended Complaint and therefore denies the same and demands strict proof thereof; however, Defendant

denies the remaining allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant is without knowledge of Plaintiff's employment as contained in paragraph 19 of the Amended Complaint and therefore denies the same and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Amended Complaint.

**COUNT I:**
**DETERMINATION OF DISCHARGEABILITY**
**UNDER 11 USC. Section 523(a)(6).**

23. In response to paragraph 23 of the Amended Complaint, Defendant re-states her responses to paragraphs 1- 23 ( sic. 28 ) as if fully stated herein.

24. Defendant states the law and rules cited therein speak for themselves; otherwise Defendant denies the allegations contained in 24 of the Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant has retained the undersigned attorney to represent her in this action.

**JURY TRIAL DEMAND AND RESERVATION OF RIGHTS**

36. Defendant is without knowledge of the allegations contained in paragraph 35 of the Amended Complaint and therefore denies the same and demands strict proof thereof; however, Defendant states that even if Plaintiff's debt is determined to be non-dischargeable, Plaintiff is not entitled to a trial in the state court, the district court being the court with the exclusive jurisdiction to determine the liquidation of damages claimed.

**AFFIRMATIVE DEFENSES**

37. As a complete and separate affirmative defense, Defendant states that for a claim of defamation, Plaintiff is required to specifically allege and plead facts with particularity, including what was said, when it was said, and who said it. Paragraph 12e. of Plaintiff's Amended Complaint fails to meet this burden. Rather, Plaintiff states that "on or about December 7, 2009, it was widely reported in national publications" that one or more of the Defendant's attorneys representing her in the criminal matter, stated the enumerated 8 statements. Said paragraph fails to state who made the statement, when it was made and to whom it was made. Accordingly, any and all claims made in paragraph 12e. should be dismissed.

38. As a complete and separate affirmative defense, Defendant states that for a claim of defamation, Plaintiff is required to specifically allege and plead facts with particularity, including what was said, when it was said, and who said it. Paragraph 12f. of Plaintiff's Amended Complaint fails to meet this burden. Rather, Plaintiff states that on or about December 23 or 24, 2010, "Baez stated and republished that the defense team is not backing off the above statements and from their position that Kronk was the killer", and that "the defense would not be backing off from any statements made in its "Motion in Limine To Introduce Prior Bad Acts and Other Circumstantial Evidence Pertaining To Roy M. Kronk". This paragraph refers to a motion and document not included previously in the Complaint. Said paragraph fails to state who made the statement, when it was

made and to whom it was made. Accordingly, any and all claims made in paragraph 12f. should be dismissed.

39. As a complete and separate affirmative defense, Defendant states that the purported statements made by Defendant were not made nor published by her. Any actions by her counsel were done without her knowledge and consent, were never ratified or approved, and Defendant had knowledge prior to the alleged statements being made so as to allow Defendant to terminate such actions until after the alleged publication of the same. As stated in the Complaint, the publication of any statement was made by Defendant's criminal defense counsel, not the Defendant. Since statements made by others cannot be the basis for denying discharge, Plaintiff is precluded from obtaining a determination that any damages as a result of said statement is non-dischargeable.

40. As a complete and separate defense, Defendant states that any and all statements made by Defendant's criminal defense counsel were made to achieve valid objects of litigation, were made as an act of preparing for the Criminal Trial, and were reasonably related to the judicial proceedings and Criminal Trial and therefore are protected by judicial immunity. Accordingly, Plaintiff is precluded from obtaining a determination herein that any damages as a result of said statement is non-dischargeable.

41. As a complete and separate affirmative defense, Defendant states that if in fact the alleged statements were made by Defendant's counsel, said statements were made with just cause in the defense of Defendant in the criminal case considering the

totality of the circumstances and the unsupported, false and negative media coverage directed toward the Defendant leading up to her trial.

**WHEREFORE**, Defendant prays that this Court enter an order denying Plaintiff's claim that Plaintiff suffered damages which are non-dichargeable under Section 523(a)(6) of the Bankruptcy Code and Rule 7003 of the Federal Rules of Bankruptcy Procedure for a defamatory statement, that a judgment be entered against Plaintiff for Defendant's attorneys' fees and costs incurred in this action, and for such other and further relief as the Court deems just and proper.

/S/ David L. Schrader
**David L. Schrader, Esquire**
Fla. Bar #0183943
111 2nd Avenue NE, Suite 901
St. Petersburg, FL 33701
Phone 727-456-5772
Fax  727-456-6454
Cell 727-542-6620
Email: dschraderlaw@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing document has been emailed to Howard Marks, Esq., Burr & Forman, LLP., hmarks@burr.com rshuker@lseblaw.com; and Charles M. Greene, Esq., cmg@cmgpa.com this 13th day of January, 2014.

/S/ David L. Schrader
**David L. Schrader, Esquire**