UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

CASEY MARIE ANTHONY,   Case No. 8:13-bk-00922-KRM
                       Chapter 7
   Debtor.
_____

Roy Kronk,
   Plaintiff,              Adversary Proceeding
                           Case No. 8:13-ap-00629-KRM
v.

CASEY MARIE ANTHONY,
   Defendant.
_____

FILED
APR 2 5 2016
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

## NOTICE OF CONFLICT, FAILURE TO COORDINATE DEPOSITION AND MISAPPLICATION OF RULES

Debtor/Defendant CASEY MARIE ANTHONY, by and through her attorney, David L. Schrader filed a Motion For Extension of Time To Conduct the Deposition of Dominic Casey and to File a Motion For Summary Judgement, Responses Thereto, and To Reschedule Pretrial and as grounds therefore stated as follows:

1. On February 9, 2016, this Court entered its Order Setting Briefing Schedule and Continuing Hearing on Defendant's Motion For Judgement on the Pleadings, Responses to the Defendant's Motion For Judgement on the Pleadings and Plaintiff's Motion to Determine Whether Proceeding is Core ("Order") [Document No. 73].

2. Pursuant to said Order, the parties may conduct the deposition of Dominic Casey by APRIL 1, 2016, and file any Motions for Summary Judgement by April 15, 2016, should they be so inclined.

3. Defendant scheduled the deposition of Dominic Casey for March 31, 2016 at the Law Office of Cheney Mason, 250 South Park Avenue, #200, Winter Park, FL 32789.

4. For purposes of Dominic Casey's deposition, Defendant's counsel coordinated the date of the deposition with the Plaintiff's counsel, who coordinated the date of the deposition

with the deponent. Defendants counsel alleged that Mr. Casey *"refused"* to appear at Mr. Mason's office for deposition, *"as he is a resident of Seminole County."*

5. As a result, Mr. Casey did not attend the deposition scheduled for March 31, 2016 at the scheduled location. No subpoena had been issued compelling his attendance.

6. Following the entry of the Courts Order, Defendant's counsel coordinated dates for a deposition with the Plaintiff's counsel, who coordinated dates of a deposition with Dominic Casey. At which time, Dominic Casey, made it abundantly clear that he would not agree to be deposed in the presence of Cheney Mason, or in the offices of Cheney Mason. Plaintiff's counsel was coordinating the location of the deposition in Seminole County and it would not take place in the office of Cheney Mason.

7. Cheney Mason was Dominic Casey's attorney in 2009 relative to the Zenaida Gonzalez Defamation case against the Defendant.
    - Cheney Mason represented Dominic Casey between Wednesday March 25, 2009 through Monday June 1, 2009.
    - Effective October 1, 2008, Dominic Casey terminated investigative services with attorney Jose A. Baez because of his misconduct with Defendant Casey Anthony.
    - On March 18, 2010 Cheney Mason filed his Notice of Appearance and began representing Defendant Casey Anthony in her murder trial.
    - In part, Defendant Casey Anthony's Indigency filing, Bankruptcy filing, unaccounted for defense funds and Attorney misconduct. A conflict of interest clearly exists between Dominic Casey and Cheney Mason.

8. Dominic Casey received a call from Plaintiff's counsel on March 31, 2016 about a deposition and it would be at Cheney Mason's office within two (2) hours.

9. Plaintiff's counsel had previously advised Defendant's counsel that the deposition could not be at Cheney Mason's office.

10. To my knowledge, at the time of the call, the deposition was cancelled due to Defendant's counsel failure to coordinate the date and proper location of the deposition.

11. Defendant's counsel, David L. Schrader, knew of the conflict of interest between Cheney mason and Dominic Casey at the time of attempting to schedule a deposition for Dominic Casey at Cheney Mason's office and in the presence of Cheney Mason.

12. Defendant's counsel, David L. Schrader ignored the conflict of interest, attempted and failed to schedule a deposition then filed a Motion with the Court falsely stating:

    "However, Mr. Casey "refused" to appear at Mr. Mason's office for deposition, as he is a resident of Seminole County."

13. Regardless of the conflict, and on April 20, 2016, Cheney Mason filed an amended notice of taking the deposition of Dominic Casey, scheduled for May 9, 2016, by Cheney Mason and in accordance with *"Florida Rules of Civil Procedure."*

14. The United States Bankruptcy Court, Middle District of Florida, Tampa Division has jurisdiction of this Adversary Proceeding.

15. Defendant's counsel, David L. Schrader has again coordinated with Cheney Mason in an attempt to schedule a deposition with and to be taken by Cheney Mason without regard to the conflict of interest and without coordinating with Plaintiffs' counsel

16. Dominic Casey is unable to schedule May 9, 2016 for any proceeding due to circumstances which are beyond his control.

On April 17, 2016, Dominic Casey provided a Response to Defendants Request for Extension of Time to Plaintiff's counsel for distribution and filing with two (2) Affidavits relative to the issues in this matter:

December 28, 2015 Affidavit of Dominic Casey (Attached)

January 25, 2016 Affidavit of Dominic Casey (Attached)

April 17, 2016 Response to Defendants Request for Extension of Time (Attached)

WHEREFORE, Dominic Casey has at all times been fully cooperative in this matter and have not "refused" any proceeding. Dominic Casey requests this Court and Defendant's counsel, David L. Schrader to coordinate with Plaintiffs' counsel as previously agreed upon.

/s/ **Dominic Casey**
Post Office Box 917394
Longwood, FL 32791

## CERTIFICATE OF SERVICE

I HEREBY certify that the foregoing document and two (2) attachments (Affidavits) have been emailed to Howard Marks, Esq. Burr & Foreman, LLP, hmarks@burr.com this 25th day of April 2016, for filing with the Court and distribution to the associated parties.

/s/ Dominic Casey
Post Office Box 917394
Longwood, FL 32791